UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re | § | |
| **DAVID G. WALLACE, JR.** | § | Case No. 15-31594-H4-7 |
| Debtor | § | |
| | § | |
| | § | Chapter 7 |
| **RONALD ELLISOR,** *et al* | § | |
| **Plaintiffs** | § | |
| | § | Adversary No. 15-03241 |
| v. | § | |
| | § | |
| **DAVID G. WALLACE, JR.** | § | |
| **Defendant** | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S SECOND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT EXEMPTING DEBTS FROM DISCHARGE UNDER 11 U.S.C. SECTION 523**

TO THE HON. JEFF BOHM, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Come now, Ronald & Lavonne Ellisor, Richard J. Kadlick, Ramesh and Sailaja Konduri, Robert P. Ficks, Larry & Vanita Mullins, Kohur Subramanian, Timothy B. Koehl, Martin Grosboll, Douglas & Kay Shaffer, Phillip R. & Alisa K. Jones, Allison Cameron, M. Brannon & Michele Kuykendall, Kevin J. Deering, Johnny & Betty Gauntt, Marcus Erickson, Kurt Everson, George & Marene Tompkins, Tompkins 2007 Family Partnership, Richard Burkhardt, James & Patricia Stewart, Robert L. Horlander, Jr. & Brenda K. Horlander, Individually and as Members of Horlander, LLC, Donald L. & Martha M. Keil, Gerald Crouch, Individually and as General Partner of Post Oak Family, L.P., Paul E. & Simona Williams, Stephen C. Cook, Florence Reiley, Carlos Borbero, Raymond L. Warner, Hal Tompkins, Joseph Miller, Individually & d/b/a Nada Por Nada, Ltd., Ellis V. Couch, Sean F. Reed, Anita Chandler, and John Willis, Executor of the Estate of Geraldine Willis, George Lingenfelder, Gary Seever, Dr. Lawrence Root, Fred Shuffler, Robert Resch, Sanjiv & Renu Khanna, Don & Donna Barrett, Ed & Helen Gray, and ZT Perry Fund, L.P.

(hereinafter, "Plaintiffs") in the above-styled and numbered cause, and file this Response to Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 18) ("Second Motion to Dismiss") Exempting Debts from Discharge under 11 U.S.C. Section 523 and would show unto the Court as follows:

## SUMMARY OF ARGUMENT

1. On September 30, 2015, Plaintiffs filed their Complaint Excepting Debts from Discharge Under 11 U.S.C. 523 (Doc. 152) ("Complaint"). The Complaint seeks to except the debts owed to Plaintiffs by Defendant from discharge because they were incurred by fraud. Plaintiffs filed their First Amended Complaint on February 29, 2016, in response to the Court's instruction to plead the fraud claims within the Complaint with specificity. Plaintiffs removed numerous allegations from the Complaint in order to simplify the allegations. Plaintiffs believe they have complied with Rule 9(b) because the First Amended Complaint states Plaintiffs' fraud claims in a way that make clear to Defendant how to prepare his defense.

2. The renewed Motion to Dismiss does not address any of Plaintiffs' claims. It merely addresses two paragraphs in the facts section of the pleading and then reiterates a Motion to Dismiss a now supplanted Complaint. This approach does not comply with Rule 12(b)(6), does not give Plaintiffs sufficient notice of the allegations of Defendant, and does not give this Court a concrete and straightforward argument from which to rule. On this basis alone, the Motion to Dismiss should be denied. Plaintiffs ask that this Court deny Defendant's Motion to Dismiss. In the alternative, if this Court is of the opinion that Plaintiffs' Complaint has failed to state a claim or that certain claims should be dismissed, Plaintiffs ask the Court to grant Plaintiffs leave to amend their Complaint.

## STANDARD OF REVIEW

1. Even in the Fifth Circuit, dismissals for insufficient pleadings, however, "are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir. 2009); *In re Am. Hous. Found,* 543 B.R. 245, 265 (Bankr. N.D. Tex. 2015).

2. Defendant files his Motion to Dismiss under Fed. R. Bankr. P. 7012, which incorporates Fed. R. Civ. P. 12(b)(6). In *Ashcroft v. Iqbal,* the Supreme Court held that Rule 8(a)(2) requires that "the well-pleaded facts" must "permit the court to infer more than the mere possibility of misconduct."[1] "Only a complaint that states a plausible claim for relief survives a motion to dismiss."[2] However, a "complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level."[3]

3. In addition to the requirements of Rule 8, fraud claims must meet Fed. R. Civ. P. 9(b)'s heightened pleading requirements. Under Rule 9(b), fraud claims must be alleged with particularity concerning the circumstances of the fraud. Complaints will be dismissed where there is a failure to describe with particularity the details of fraud claims such that the Defendant cannot tell what she is alleged to have done wrong or the amount of damages sought against her.[4]

4. Rule 9(b) must be read in harmony with Rule 8(a), *Wieboldt Stores, Inc. v. Schottenstein,* 94 B.R. 488, 498 (N.D. Ill.1988); therefore, a court must consider the purposes of Rule 9(b) to determine whether a pleading is sufficient. *Id.*; *In re Rave Commc'ns, Inc.*, 138 B.R. 390, 394 (Bankr. S.D.N.Y. 1992). The purposes of Rule 9(b) are to protect the reputation of one

---

[1] *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Rule 8(a)(2)).
[2] *Id*.
[3] *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir.2009).
[4] Fed.R.Civ.P. 9(b). *See Oppenheimer v. Prudential Sec. Inc., 94 F.3d 189, 195 (5th Cir.1996) (upholding district court's dismissal of fraud claims where the plaintiff failed to allege when an allegedly fraudulent sales charge was incurred or the extent of her damages); *Red Rock v. JAFCO Ltd.,* 1996 WL 97549, at *3 (5th Cir.1996) (holding that the plaintiff's allegations did not satisfy Rule 9(b) where they failed to allege the time, place, or content of any misrepresentations).

accused of fraud, and to give notice to the opposing party sufficient to enable them to begin preparations for a defense. *In re Rave Commc'ns, Inc.*, 138 B.R. at 394.

## ARGUMENT & AUTHORITY

5.  Courts usually evaluate averments of fraud more liberally in the bankruptcy context than in other civil actions. *Wieboldt Stores, Inc. v. Schottenstein,* 94 B.R. 488, 498 (N.D.Ill.1988). In *Wieboldt,* both actual fraud and constructive fraud were charged in the context of a leveraged buyout ("LBO") transaction. The plaintiff in *Wieboldt* charged that the LBO was a fraudulent conveyance and that the directors had breached their fiduciary duties. The court held that the pleadings satisfied the Rule 9(b) requirements because the pleadings recited supporting facts, explained in detail the events surrounding the tender offer and the LBO, described each defendant's participation in the LBO transaction, and described the effect of the LBO. The court noted:

> Although the size and complexity of this case renders pleading difficult, Wieboldt has included enough information in its complaint and has stated its claims with sufficient clarity to advise each defendant or group of defendants of the claims made against them. Pleadings are not intended to supplant the process of discovery; nor is Wieboldt required to plead the evidence it plans to present to support its claims. Wieboldt's complaint adequately describes the specific injury Wieboldt seeks to redress and describes the legal theories upon which it bases its claims. For these reasons and because the complaint pleads sufficient facts to allow each defendant to prepare an effective answer or defense, defendants' motions to dismiss under Rule 9(b) are denied.

*Id.* at 498; *In re Rave Commc'ns, Inc.*, 138 B.R. 390, 395-96 (Bankr. S.D.N.Y. 1992) (recognizing "relaxed standard for pleading fraud in Bankruptcy cases").

6.  Plaintiffs believe that in a case like this, there are multiple reasons to relax the standard of Rule 9(b).  First, the policies behind Rule 9(b) are not applicable here.  Mr. Wallace has been sued for fraud in state court before the Bankruptcy was filed.  There are multiple parties in multiple contexts accusing him of fraud.  This is not a strike suit.  There is no indication that Plaintiffs filed a fictitious suit in the hopes of conducting discovery to determine their claims.

Secondly, like in False Claims Act cases, this case is extremely complex because there were several years of fraudulent activity, breach of fiduciary duty, and conspiracy, all of which was carried out to the detriment of more than 40 Plaintiffs in this case. To have complied with the literal interpretation of Rule 9(b) with regard to all of the claims contained in the first Complaint would have taken literally thousands of paragraphs because of all of the permutations of the claims and parties and instances of fraudulent behavior.  Third, many courts have recognized a relaxed 9(b) standard in the Bankruptcy context because the policies behind the rule are protected by other procedural mechanisms and because the possibility of obfuscation by debtors and creditors is greater than in a traditional litigation context. *See, e.g., In re Tarragon Corp.*, 2011 WL 1048633, *4 (Bankr. D. N.J. 2011) (bankruptcy courts often will construe requirements of Rule 9(b) "liberally" because of worries that sophisticated defrauder could hide enough details of fraud to make detailed pleading impossible; however, Rule 9(b) does not permit simple conclusory allegations so in this case complaint was not sufficient); *see also,* Pleading Fraud With Particularity—Extent of Requirement, 5A Fed. Prac. & Proc. Civ. § 1298 (3d ed.)(recounting instances where the standard of Rule 9(b) is relaxed, including in the Bankruptcy context).

7. Numerous courts have applied and/or referenced this relaxed standard in the Bankruptcy and dischargeability context, and have applied it to Trustees, debtors, and creditors as plaintiff. *See, e.g., In re Hollis & Co.*, 86 B.R. 152, 156 (Bankr. E.D. Ark. 1988)*; Schlick v. Penn Dixie Cement Corp.,* 507 F.2d 374, 379 (2nd Cir. 1974); *In re O.P.M. Leasing Services, Inc.,* 32 B.R. 199, 203 (Bankr. S.D.N.Y. 1983); *Decker v. Massey Ferguson, Ltd.,* 681 F.2d 111 (2nd Cir. 1982). See, also, *In re McGuff,* 3 B.R. 66 (Bankr. S.D. Ca.1980); *In re Brown,* 444 F.2d 49, 50 (8th Cir. 1971).

8. Judge Isgur has also pointed out that "Rule 9(b)'s application is flexible and

influenced by the circumstances of the case." *In re Morrison*, 421 B.R. 381, 390-91 (Bankr. S.D. Tex. 2009) (citing *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir.1993)).

> [T]he focus of a [Rule] 9(b) inquiry should be whether, "given the nature and facts of the case and the circumstances of the parties, the pleading in question is sufficiently particular to satisfy the purposes of Rule 9(b). The rule has three purposes. First, to ensure that the allegations are specific enough to inform a defendant of the act of which the plaintiff complains and to enable him to prepare an effective response and defense. Second, it eliminates those complaints filed 'as a pretext for discovery of unknown wrongs.' ... Third, Rule 9(b) seeks to protect defendants from unfounded charges of wrongdoing which inquire their reputations and goodwill."

*Jag Media Holdings Inc. v. A.G. Edwards & Sons Inc.*, 387 F.Supp.2d 691, 704 (S.D. Tex.2004) (quoting *Mitchell Energy Corp. v. Martin,* 616 F.Supp. 924, 927 (S.D. Tex.1985) (citations omitted)). Taking into account Plaintiffs' Complaint as a whole, and the circumstances of the alleged fraudulent scheme, Plaintiffs First Amended Complaint provides more than enough specificity to comply with Rule 9(b).

9. Plaintiffs' First Amended Complaint tells the "who, what, where, when, why" of their fraud claims in a way that more than complies with the strictures of Rule 9(b), particularly in light of the relaxed interpretation of that Rule that should be adopted here.

10. Independently, Defendant's Second Motion to Dismiss merely restates old allegations without addressing the First Amended Complaint. As a result, it is defective under Rule 12(b)(6) and should be denied.

*Leave to Amend Complaint*

11. Plaintiffs request that this Court deny Defendant's Motion to Dismiss. However, if the Court is of the opinion that Plaintiffs' Complaint is defective in any respect, Plaintiffs request an opportunity to amend the Complaint to cure the error.

12.	Fed. R. Civ. P. 15(a) provides that "leave [to amend] shall be freely given when justice so requires."[5] Ordinarily, where a complaint is dismissed on Rule 9(b) "failure to plead with particularity" grounds alone, leave to amend is granted.[6]

13.	In this case, if the Court finds Plaintiffs' Complaint defective in any way, it can certainly be cured by amendment. Moreover, Plaintiffs would be willing and able to amend accordingly. Therefore, this Court should refrain from dismissing Plaintiffs' Complaint and permit Plaintiffs' to amend.

WHEREFORE PREMISES CONSIDERED THE PLAINTIFFS respectfully request that this Court deny Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint Exempting Debts from Discharge under 11 U.S.C. Section 523 (Doc. 7) for the reasons set forth herein and for such other relief as the Court deems just.

---

[5] *Glassman v. Computervision, Corp.*, 90 F.3d 617, 622 (1st Cir.1996).
[6] *See Shapiro v. UJB Financial, Corp*, 964 F.2d 272, 278 (3rd Cir.1992); *Luce v. Edelstein,* 802 F.2d 49, 56-57 (2nd Cir.1986); *Yoder v. Orthomolecular Nutrition Institute, Inc.,* 751 F.2d 555, 561-62 & n.6 (2nd Cir.1985).

Submitted March 31, 2016.                Respectfully submitted,

 

_____
C. Thomas Schmidt
State Bar No. 00797386
7880 San Felipe, Suite 210
Houston, TX 77063
(713) 568-4898 Phone
(815) 301-9000 Fax
ATTORNEY IN CHARGE FOR
PLAINTIFFS

OF COUNSEL:
SCHMIDT LAW FIRM, PLLC

and

PRESTON T. TOWBER
State Bar No. 20152600
Federal ID No. 8217
TOWBER LAW FIRM, PLLC
6750 West Loop South, Suite 920
Bellaire, TX 77401
(832) 485-3555 Phone
(832) 485-3550 Fax
CO-COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

 I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record via ECF.

_____
C. Thomas Schmidt