IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DAVID G. WALLACE JR. | § | Case No. 15-31594-H4-7 |
|    Debtor. | § | |
| | § | Chapter 7 |
| | § | |
| RONALD ELLISOR, *et al* | § | |
| | § | |
|    Plaintiffs, | § | |
| | § | |
| vs. | § | Adversary No. 15-03241 |
| | § | |
| DAVID G. WALLACE JR. | § | |
|    Defendant. | § | |

**DEFENDANT'S MOTION TO SHOW AUTHORITY**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**PURSUANT TO COURT ORDER,
RESPONSES ARE TO BE FILED BY MAY 4, 2016.**

2963611

### NOTICE OF HEARING

*A STATUS CONFERENCE HAS BEEN SET ON THIS MATTER ON THURSDAY, MAY 12, 2016 AT 9:30 AM, 515 RUSK, 6TH FLOOR, COURTROOM NO. 600, HOUSTON, TEXAS 77002*

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, David G. Wallace, Jr. ("***Wallace***") and files his *Motion to Show Authority* (the "***Motion***"), and shows:

### RELIEF REQUESTED

1. Wallace requests that the Court enter an order compelling Charles Thomas Schmidt to appear in this Court and demonstrate (i) that he is currently authorized to represent the sixty named Plaintiffs, other than Barbara Doreen House; (ii) that he was authorized to represent the sixty named Plaintiffs, including Barbara Doreen House, when he filed the above-captioned adversary proceeding; and (iii) that he had authority to represent the persons/entities he filed claims on behalf of in the main bankruptcy case.

### PROCEDURAL BACKGROUND

2. On September 30, 2015, Charles Thomas Schmidt filed the above-captioned adversary proceeding (the "***Adversary Proceeding***") on behalf of Ronald Ellisor and fifty-nine (59) other named plaintiffs (collectively, the "***Plaintiffs***") against David G. Wallace, Jr. seeking an exception to discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(19). Barbara Doreen House was listed as one of the Plaintiffs. [*See* Docket No. 1 ¶¶ 44, 46, 47, 48, and 49]. Charles Thomas Schmidt represented to this Court in that pleading that he represented all of the Plaintiffs. [*See Id.* at 26 ("Attorney in Charge for Plaintiffs")].

3. On November 4, 2015, Wallace filed his First Motion to Dismiss seeking to dismiss Plaintiffs' *Complaint Excepting Debts from Discharge under 11 USC Section 523* (the

"***Complaint***") because, in short, it failed to satisfy the applicable pleadings standards under Federal Rules of Civil Procedure 9(b). [Docket No. 7].

4. On January 7, 2016, the Court held a hearing on the Motion to Dismiss. On January 13, 2016, the Court held a second hearing on the Motion to Dismiss.

5. At the second hearing the Court ordered the Plaintiffs to file an amended complaint and plead their allegations of fraud with specificity. Specifically, the Court instructed the Plaintiffs that they needed to "put more meat on the bone." The Court noted that for each of the 60 plaintiffs, the amended complaint would need to provide <u>specificity for **each** of the plaintiff's purported allegations of fraud</u>. [Motion to Dismiss Hr'g, 3:26:38–3:28:49].

6. The Court ordered Plaintiffs to file their amended complaint no later than February 29, 2016. [Motion to Dismiss Hr'g, 3:28:38—3:28:49]

7. On January 29, 2016, Attorney David A. Bryant, Jr. filed a proof of claim, purportedly on behalf of Barbara Wantland House.[1] [*See* Claim Register, Claim Number 42].

8. Between January 31, 2016 and February 1, 2016, <u>Charles Thomas Schmidt filed proofs of claim, purportedly on behalf of all of the Plaintiffs, except Barbara Doreen House</u>. [*See* Claim Register, Claim Numbers 43–64, 66–69, 71–93]. Of the forty-nine (49) proofs of claim filed by Charles Thomas Schmidt, twenty-four (24) do not purport to have the actual signature of the purported claimant, but instead use the "/s/" electronic signature. [*See* Claim Register, Claim Numbers 43–44, 47–48, 53–59, 62–63, 66, 75–77, 79, 82–83, 85–86, 88–89].

9. On February 29, 2016, the Plaintiffs, via Charles Thomas Schmidt, filed their *First Amended Complaint Excepting Debts from Discharge under 11 USC Section 523* (the "***First Amended Complaint***"). [*See* Docket No. 16]. <u>Again Barbara Doreen House was listed as</u>

---

[1] On information and belief, Barbara Wantland House is the same person as Barbara Doreen House. *Compare* amount stated in Claim No. 42 *with* Docket No. 17 ¶ 33.

a Plaintiff.  [*See* Docket No. 16 ¶¶ 44, 46, 49, 50 and 51].  <u>Again Charles Thomas Schmidt represented to this Court in the First Amended Complaint that he represented all of the Plaintiffs</u>. [*See Id.* at 33 ("Attorney in Charge for Plaintiffs")].  The <u>First Amended Complaint failed to assert, with or without the required specificity, allegations specific to each Plaintiff</u>.  Instead, the Plaintiffs make general conclusory allegations without including any details related to any particular Plaintiff.

11. Also on February 29, 2016, Barbara Doreen House filed a separate pleading titled *First Amended Complaint of Barbara Doreen House Excepting Debts from Discharge under 11 USC Section 523* (the "**House Amended Complaint**").  [*See* Docket No. 17].  The House Amended Complaint was filed by Attorney David A. Bryant, Jr.  [*Id.* at 26].

11. On March 21, 2016, Wallace filed motions to dismiss both the First Amended Complaint and the House Amended Complaint (the "**Second Motions to Dismiss**").  [Docket Nos. 18 and 19, respectively].

12. On April 4, 2016, Simon Mayer, counsel for Wallace, conferred with David A. Bryant, Jr.  During the conference, <u>David A. Bryant, Jr. represented that Charles Thomas Schmidt did not and has never represented Barbara Doreen House</u>.

13. On April 5, 2016, the Court held a hearing on the Second Motions to Dismiss. During the hearing, David A. Bryant, Jr. explained to the Court that Charles Thomas Schmidt did not represent Barbara Doreen House in the Adversary Proceeding or certain state court litigation. However, when pressed by the Court and facing a possible dismissal of his purported client's claim, David A. Bryant, Jr. modified his prior statement and indicated that Charles Thomas Schmidt did represent Barbara Doreen House at the initiation of the Adversary Proceeding. Charles Thomas Schmidt represented that he had represented Barbara Doreen House in both the

Adversary Proceeding and in the state court litigation. He further represented that he had recently been informed that Mr. Bryant was now representing Barbara Doreen House in this case.

14. At the conclusion of the hearing, this Court instructed counsel for Wallace to file this Motion.

## ARGUMENT AND AUTHORITIES

15. Federal courts have the power at any stage of the case to require an attorney to prove his authority to appear on behalf of a party, and if the attorney fails to prove such authority, the action instituted by such attorney should be dismissed. *Pueblo of Santa Rosa v. Fall*, 273 U.S. 315, 319 (1927); *Alamo v. Del Rosario*, 98 F.2d 328, 329 (D.C. Cir. 1938) (counsel's authority can be questioned before trial, by a motion that he be required to show it, and a court may, in its discretion, require him to do so at any stage of a case); *F. Palacio y Compania S.A. v. Brush*, 265 F.Supp. 482, 485 (S.D.N.Y. 1966) (at any stage of a case the court has inherent power to make inquiry as to the authority of an attorney to represent a litigant); *In re Goodman*, 208 B.R. 145, 148 (Bankr. W.D. Va. 1997) (an attorney may always be called upon to produce satisfactory evidence of this authority, and upon his failure to produce such authority, the suit or proceeding instituted by such attorney should be dismissed).

16. The following facts surrounding Charles Thomas Schmidt's purported appearance on behalf of all of the Plaintiffs raise serious questions about Charles Thomas Schmidt's authority to represent all of the Plaintiffs in the various filings in this case:

> i. David A. Bryant, Jr.'s <u>prior representation</u> that Charles Thomas Schmidt did not and has <u>never represented Barbara Doreen House</u>;
>
> ii. The First Amended Complaint, which included Barbara Doreen House as a named Plaintiff, <u>identifies Charles Thomas Schmidt as the "Attorney in Charge for Plaintiffs"</u>;

      iii.    That one month *before* the filing of the First Amended Complaint, David A. Bryant, Jr. filed a proof of claim on behalf of Barbara Wantland House[2] in the main case;

      iv.    That, even after being instructed by this Court to "put meat on the bone" and assert allegations specific for each Plaintiff, the First Amended Complaint <u>again</u> fails to contain allegations specific to each of the Plaintiffs[3]; and

      v.    That twenty-four (24) of the proofs of claim purportedly filed on behalf of the Plaintiffs by Charles Thomas Schmidt <u>fail to contain actual signatures</u> of the alleged Plaintiffs/claimants, but instead are signed with a /s/ electronic signature.

17.    Based on the above conduct, Wallace asks this Court to enter an order directing Charles Thomas Schmidt to appear and demonstrate (i) that he is currently authorized to represent the fifty-nine named Plaintiffs, either including or excluding Barbara Doreen House, based on the confusing and conflicting statements at the April 5, 2016 hearing, (ii) that he was authorized to represent the sixty named Plaintiffs, including Barbara Doreen House, when he filed the Adversary Proceeding, and (iii) that he had authority to represent the persons/entities he filed proofs of claim on behalf of in the main bankruptcy case.

WHEREFORE, for the reasons stated herein, David G. Wallace, Jr. respectfully prays that the Court (1) grant this motion; (2) order Charles Thomas Schmidt to appear and present evidence that he (i) currently has authority to represent the fifty-nine named Plaintiffs, other than Barbara Doreen House, in this matter, (ii) had authority to represent all sixty named Plaintiffs, including Barbara Doreen House, when he initiated the Adversary Proceeding, (iii) had authority to represent the entities he filed proofs of claim on behalf of in the main bankruptcy case; and (3) grant David G. Wallace, Jr. such other and further relief to which he is justly entitled.

---

[2] *See supra* note 1.
[3] Part of Plaintiffs' response to the second motion to dismiss was to assert that complying with the literal interpretation of Rule 9(b) would have taken literally "thousands of paragraphs" because of all of the claims and parties. *See* Docket No. 20 ¶ 6.

Respectfully submitted,

*/s/ Wayne Kitchens*
Wayne Kitchens          TBN: 11541110
wkitchens@hwa.com
Simon R. Mayer          TBN: 24060243
smayer@hwa.com
HUGHESWATTERSASKANASE, LLP
1201 Louisiana, 28th Floor
Houston, Texas 77002-4168
Telephone:  713-759-0818
Facsimile:   713-759-6834
**BANKRUPTCY COUNSEL FOR
DAVID WALLACE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this pleading was served via the method indicated to the parties listed below on April 15, 2016.

*Via ECF*
Thomas Schmidt
SCHMIDT LAW FIRM, PLLC
7880 San Felipe, Suite 210
Houston, Texas 77063

*Via U.S. Mail*
David A. Bryant, Jr.
THE BRYANT LAW FIRM
801 Congress, Suite 250
Houston, Texas 77002

*Via Electronic Mail*
Counsel for Rodney Tow, Chapter 7 Trustee
Christopher R. Murray
Charles M. Rubio
Diamond McCarthy, LLP
909 Fannin Street, Suite 1500
Houston, Texas 77010
cmurray@diamondmccarthy.com
crubio@diamondmccarthy.com

*/s/ Wayne Kitchens*
Wayne Kitchens