

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/25/2016

| | | |
|---|---|---|
| In re: § § DAVID G. WALLACE, JR., § § Debtor. § § § | | Case No. 15-31594<br><br>Chapter 7 |
| RONALD ELLISOR, ET AL., § § Plaintiffs § § v. § § DAVID G. WALLACE, JR., § § Defendant. § § § § § § § § § § | | Adversary No. 15-03241 |

## ORDER GRANTING IN PART AND CARRYING IN PART DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OF BARBARA DOREEN HOUSE EXCEPTING DEBTS FROM DISCHARGE UNDER 11 U.S.C. § 523
[This Order Relates to Adv. Doc. No. 19]

On February 29, 2016, Barbara Doreen House, one of the plaintiffs in the above-referenced adversary proceeding (the "Plaintiff"), filed her First Amended Complaint Excepting Debts from Discharge Under 11 U.S.C. § 523 (the "FAC"). [Adv. Doc. No. 17]. On March 21, 2016, David G. Wallace, the debtor in the main case and the defendant in this adversary proceeding (the "Defendant"), filed his Motion to Dismiss the FAC (the "Motion to Dismiss"). [Adv. Doc. No. 19]. For the reasons stated below, the Court grants the Motion to Dismiss in part and carries it in part.

The Plaintiff seeks a judgment declaring that the Defendant owes her total obligations of $850,000.00 and that this $850,000.00 debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(19). She alleges that in August of 2005, Daniel Frishberg and his wife, Elisea Frishberg, convinced her "to invest over $500,000.00 in several very risky real estate limited partnerships." [Adv. Doc. No. 17, 12¶ 27]. It may well be that the Plaintiff has a fraud claim against the Frishbergs for $500,000.00, but she has no claim against the Defendant for this sum. The Court arrives at this conclusion because she has failed to plead any facts that the Defendant—as opposed to the Frishbergs—made any representations whatsoever to her in August of 2005; or, for that matter, had any communications of any kind with her in August of 2005. Under these circumstances, there is no basis for the Plaintiff to obtain relief under 11 U.S.C. § 523(a)(2)(A), (a)(4), or (a)(19)(A)(ii). To the extent that the Plaintiff wants relief under § 523(a)(19)(A)(i), she will need to plead with greater particularity how the Defendant violated securities laws with respect to the $500,000.00 that she gave the Frishbergs in August of 2005.

The Plaintiff also asserts a claim against the Defendant for the sum of $350,000.00. According to the FAC, the Defendant, in late 2006 and early 2007, met with the Plaintiff's husband and represented to him verbally that all prior funds invested by the Plaintiff in the Defendant's companies, and all funds that the Defendant was then requesting from the Plaintiff, "had been and would continue to be used for the *sole and exclusive purpose* of real estate investments." [Adv. Doc. No. 17, 13¶30]. The FAC further alleges that "[b]ased upon these factual representations directly from Defendant Wallace, and the PPM [i.e., private placement memorandum] prepared by Defendant Wallace's company, Plaintiff Barbara Doreen House and her husband, Harvey House, agreed to invest an additional $350,000.00 in Defendant Wallace's companies." [Adv. Doc. No. 17, 13¶31]. Further, the FAC alleges that "[a]t no time did

Defendant Wallace disclose to Mr. House that any of the funds already invested by [the Plaintiff], or to be invested, were being or would be used to support any entity other than Defendant's real estate based companies." [*Id.*].

The Defendant contends that the FAC "fails to state <u>when</u> or <u>where</u> such allegations were made or why—at the time the allegations were made—they were false." [Adv. Doc. No. 19, 4¶13]. This Court agrees, to a certain extent. Paragraph 30 alleges that "[i]n late 2006 and early 2007, Defendant Wallace met with Harvey House regarding the investments made the subject of this lawsuit." [Adv. Doc. No. 17, 13¶30]. The phrase "late 2006 and early 2007" certainly sets forth the "when" to some degree, but the Plaintiff needs to plead with greater particularity. She needs to state, at a minimum, what month of the year it was that the Defendant met with Harvey House. She also needs to allege where the Defendant met with Harvey House. Was the meeting or meetings held at the Defendant's office? Or, were they held at the Plaintiff's residence? Or, were they held at some other location? Such specificity for these matters is required. *U.S. ex rel., Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (requiring a plaintiff to set forth the " 'who, what, when, where, and how' of the alleged fraud").

The Court finds that the FAC sufficiently pleads the who (the Defendant), the what (the $350,000.00 for the alleged real estate investment), and the how (once received, allegedly transferring the $350,000.00 to other entities owned by the Defendant or his business associates). Thus, with respect to the $350,000.00, the Court finds that the Defendant has two requirements to satisfy: the "when" and the "where."

This Court has already given the Plaintiff one opportunity to amend, and she has failed to completely satisfy the heightened pleading requirements of Rule 9(b).[1] Exercising its discretion, the Court will now give the Plaintiff one more time to meet this standard—but only as to the

---

[1] Federal Rule 9(b) is made applicable to this adversary proceeding by Federal Bankruptcy Rule 7009.

$350,000.00 claim. The Plaintiff may *not* amend to attempt to resurrect her $500,000.00 claim based upon 11 U.S.C. § 523(a)(2)(A), (a)(4), or (a)(19)(A)(ii). If the Defendant had made any representations to her in August of 2005—either written or oral—the Plaintiff should have pleaded these facts by now. This, she has not done.

For the reasons set forth above, it is therefore:

ORDERED that the Motion to Dismiss is granted in part insofar as the Plaintiff's $500,000.00 claim against the Defendant under 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(19)(A)(ii) is dismissed; and it is further

ORDERED that the Motion to Dismiss is carried to allow the Plaintiff to file a second amended complaint in order to plead, with greater particularity, factual allegations that would provide the basis for recovery of the $500,000.00 claim under 11 U.S.C. § 523(a)(19)(A)(i) and for recovery of the $350,000.00 claim under 11 U.S.C. § 523(a)(2)(A), (a)(4), or (a)(19)(A)(ii); and it is further

ORDERED that the Plaintiff shall have until May 6, 2016 to file a second amended complaint; and it is further

ORDERED that if the Plaintiff fails to timely file a second amended complaint, then all of the Plaintiff's remaining claims shall be dismissed; and it is further

ORDERED that if the Plaintiff timely files a second amended complaint, then the Defendant shall have until May 20, 2016 to file a responsive pleading; and it is further

ORDERED that if the Defendant timely files a motion to dismiss the second amended complaint, then this Court will hold a hearing on June 1, 2016, at 10:00 A.M., and if this Court grants the Defendant's motion to dismiss the second amended complaint, then the Defendant

5

shall be entitled to recover his reasonable attorney's fees from the Plaintiff and her attorney, jointly and severally.

Signed on this 25th day of April, 2016.

_____
Jeff Bohm
United States Bankruptcy Judge