IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | Case No. 15-31594 |
| | § | |
| **DAVID G. WALLACE, JR.,** | § | Chapter 7 |
| | § | |
| **Debtor** | § | |

| | | |
|---|---|---|
| **RONALD ELLISOR, ET AL,** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | Adversary No. 15-03241 |
| | § | |
| **DAVID G. WALLACE, JR.** | § | |
| | § | |
| **Defendant** | § | |

**DEFENDANT DAVID WALLACE, JR.'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOU RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

Pursuant to FED. R. CIV. P. 12(b)(6),[1] David G. Wallace, Jr. ("**Wallace**") moves to dismiss the claims asserted in the Second Amended Complaint against him ("**Complaint**").[2]

---

[1] Made applicable by FED. R. BANKR. P. 7012(b).
[2] The Complaint includes other actions against numerous other defendants.

## I. INTRODUCTION

1. In the Second Amended Complaint, to the extent understandable, Plaintiffs apparently assert underlying claims of fraud, breach of fiduciary duty and securities violations (federal and Texas). *See* Complaint ¶¶ 60, 83 and 92. However, as demonstrated herein, the purported claims are time-barred on their faces. Mr. Wallace's bankruptcy petition was filed on March 24, 2015. All of the purported "investments" or "loans" were made more than five (5) years prior to the petition date. The longest statute of limitations is five (5) years. Therefore, Plaintiffs fail to state a claim upon which relief can be granted and the claims should be dismissed as a matter of law.

## II. APPLICABLE PLEADING STANDARD

2. Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of an action for failure to state a claim upon which relief can be granted.[3] A claim may be dismissed either because it asserts a legal theory that is not cognizable as a matter of law, or because it fails to lend sufficient facts to support a cognizable legal claim.[4] To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and into the "realm of plausible liability."[5]

3. In *Twombly*, the Supreme Court recognized that Rule 12(b)(6) must be read in conjunction with Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."[6] Although a plaintiff is not required to include "detailed factual allegations" in a complaint, "a plaintiff's obligation to provide the 'grounds' of his

---

[3] FED. R. CIV. P. 12(b)(6).
[4] *See, e.g., SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir.).
[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 n.5 (2007); see also *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).
[6] *Twombly*, 550 U.S. at 555; *see* FED. R. CIV. P. 8(a)(2).

'entitle[ment] to relief' requires more than labels and conclusions."[7] Thus, a "formulaic recitation of the elements of a cause of action will not do."[8] Nor may a complaint merely offer "naked assertion[s]" devoid of "further factual enhancement."[9]

4. Rather, to overcome a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] A claim has "factual plausibility" when the plaintiff pleads *factual* content that allows the court to draw the reasonable inference that a defendant has acted unlawfully and requires "more than the sheer possibility that a defendant has acted unlawfully."[11] When the pleaded facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'"[12]

5. In assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion, the Supreme Court in *Iqbal* established a two-step approach. First, a court should identify and disregard conclusory allegations in the complaint because they are "not entitled to the assumption of truth."[13] Second, a court should consider the well-pleaded factual allegations in the complaint to "determine whether they plausibly give rise to an entitlement to relief."[14]

6. If the facts and dates alleged in a complaint show the claims are barred by limitations, a motion to dismiss for failure to state a claim is proper. In that circumstance, the complaint fails to state a claim because the action is time-barred. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.* 677 F.2d 1045, 1050 (5th Cir. 1982).

---

[7] *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Rule 8…demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").
[8] *Twombly*, 550 U.S. at 555.
[9] *Id.* at 557.
[10] *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).
[11] *Id.*
[12] *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)).
[13] *Id.*
[14] *Id.*

3

### III.  ARGUMENT & AUTHORITIES

7.  The purported underlying claims (fraud, breach of fiduciary duties or securities violations) in the Complaint are time-barred on their faces.  Therefore, Plaintiffs failed to state a claim upon which relief can be granted and the claims should be dismissed as a matter of law.

**A.   Applicable Limitations**

8.  The statute of limitations for fraud in Texas is four (4) years.  TEX. CIV. PRAC. & REM. CODE, §16.004(a)(4); *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 216 (Tex. 2011).  The cause of action accrues on the date a defendant makes the purported false representation.  *See e.g.*, *Woods v. William & Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988).

9.  The Texas statute of limitations for breach of fiduciary duty is four (4) years.[15]  TEX. CIV. PRAC. & REM. CODE, §16.004(a)(5); *see also Willis v. Donnelly*, 199 S.W.3d 262, 278 n.33 (Tex. 2006).

10.  The statute of limitations for Texas Securities Act violations is, at most, five (5) years.  Article 581-33(H)(3)(b).  This provision is a statute of repose.  *See e.g. Allen v. Devon Energy Holdings LLC* 367 S.W.3d 355, 400-401 (Tex. App. – Houston [1st Dist.], 2012, *rem. by agreement*).

11.  The statute of limitations for federal securities violations is also, at most, five (5) years:

> (1)  A private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning securities law, *may be brought not later than the earlier of:*
>
> - 2 years after the discovery of the facts constituting the violation, *or*
> - 5 years after such violation.[16]

---

[15]  Wallace disputes the Plaintiffs' legal contentions regarding when and under what circumstances a fiduciary duty arises.  However, because all such claims are time barred as set forth below, those disputes are not addressed in this pleading.

## B. The Claims are Time-Barred

12. The bankruptcy petition was filed on March 24, 2015. As of that date, all purported investments or loans had been made more than five (5) years before the filing.

13. The WB2 Plaintiffs are defined in Paragraph 45 of the Complaint. The purported bases of the WB2 Plaintiffs' alleged claims are set forth in Paragraphs 62–67 of the Complaint. The investments or loans range from October 19, 2006 through February 1, 2009. *See* Complaint ¶¶ 67.i. and ¶ 67.e.[17] Each claim was barred before Mr. Wallace filed bankruptcy. *See* ¶¶ 8–11, *supra*.

14. The WB Realty Fund Plaintiffs are defined in Paragraph 46 of the Complaint. The bases of the WB Realty Fund Plaintiffs' alleged claims related to the holding company merger are set forth in Paragraph 79 of the Complaint. The merger was alleged to have occurred around June 1, 2001. Complaint, ¶55. All of the WB Realty Fund Plaintiffs' investments or loans allegedly occurred in 2005. *See* Complaint ¶ 79.a.—h. That was some nine (9) years before bankruptcy. Any claim was time-barred. *See* ¶¶ 8–11, *supra.*

15. The LFW Plaintiffs are defined in Paragraph 47 of the Complaint. The bases of the LFW Plaintiffs' alleged claims are set forth in Paragraphs 68–73 of the Complaint. The investments or loans range from April 1, 2008 through March 1, 2010. *See* Complaint ¶¶ 73.a. and ¶ 73.f. and g. The claims are time-barred. *See* ¶¶ 8–11, *supra.*

16. The WBL Note Plaintiffs are defined in Paragraph 48 of the Complaint. The bases of the WBL Note Plaintiffs' alleged claims related to the holding company merger are set

---

[16] 28 U.S.C. § 1658(b).

[17] Paragraph 67.k. appears to contain a typo as the alleged investment date of October 16, 2017 has not yet occurred. Mr. Gary Seever's Proof of Claim filed in the main case appears to reflect the date of October 16, 2007. *See* Main Case 15-31594, Claims Register, Claim Number 59.

5

forth in Paragraph 78 of the Complaint. The merger was alleged to have occurred around June 1, 2001. Complaint, ¶55. The investments or loans range from July 8, 2008 through August 17, 2009. *See* Complaint ¶¶ 78.t. and ¶ 78.o.[18] The claims are time-barred. *See* ¶¶ 8–11, *supra.*

17.  The BizRadio Equity Plaintiffs are defined in Paragraph 49 of the Complaint. The bases of the BizRadio Equity Plaintiffs' alleged claims are set forth in Paragraph 91 of the Complaint. The alleged investments or loans range from November 24, 2004 through January 12, 2007. *See* Complaint ¶¶ 91.k. and ¶ 91.c. The claims are time-barred. *See* ¶¶ 8–11, *supra.*

18.  The KCM Note Plaintiffs are defined in Paragraph 50 of the Complaint. The bases of the KCM Note Plaintiffs' alleged claims are set forth in Paragraphs 80–82 of the Complaint. The purported investments or loans range from December 10, 2007 through August 28, 2009. *See* Complaint ¶¶ 82.f. and ¶ 82.j. The claims are time-barred. *See* ¶¶ 8–11, *supra.*

C.  **Alternative Pleading Extension**

19.  Under Rule 12(a)(4), Wallace's answer or other responsive pleading to the Second Amended Complaint is extended until the Court acts on this Motion to Dismiss.[19] If the Court disagrees, Wallace requests that the Court exercise its broad discretion under FED. R. CIV. P. 6(b) to extend the responsive deadline to fourteen (14) days after ruling on this Motion to Dismiss or until such other time as directed by the Court.

---

[18]  Paragraph 78.b is unclear when the alleged loan of $85,000.00 was made by Mr. and Mrs. Barrett. The paragraph references a replacement note and an amendment; however, it fails to state when the investment(s) and/or loan(s) were made. The Proof of Claim filed by Mr. and Mrs. Barrett reflects that their alleged investments or loans occurred in 2008 and 2009. *See* Main Case 15-31594, Claims Register, Claim Number 89.

[19]  FED. R. CIV. P. 12(a)(4); *see also Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F.Supp.2d 598, 637–41 (N.D. Iowa, 2006) (interpreting federal rules to extend the answer or other responsive pleading deadlines when a defendant files a motion for partial dismissal).

## IV.  CONCLUSION AND PRAYER

WHEREFORE, David G. Wallace, Jr. moves the Court to enter an order dismissing the various claims brought against Wallace for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  For the reasons stated herein, Wallace respectfully prays that the Court dismiss the claims in the Second Amended Complaint with prejudice and grant him such other and further relief to which he is justly entitled.

Respectfully submitted,

*/s/ Wayne Kitchens*
Wayne Kitchens      TBN: 11541110
wkitchens@hwa.com
Simon R. Mayer      TBN: 24060243
smayer@hwa.com
HUGHESWATTERSASKANASE, LLP
333 Clay Street, 29th Floor
Houston, Texas 77002-4168
Telephone:  713-759-0818
Facsimile:   713-759-6834
**BANKRUPTCY COUNSEL FOR DAVID WALLACE**

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the *Defendant's Motion to Dismiss Second Amended Complaint* was served on the following parties via the Court's ECF notification system or by fax, this 10th day of June, 2016.

Charles Thomas Schmidt
Schmidt Law Firm, PLLC
7880 San Felipe, Ste. 210
Houston TX 77063
firm@schmidtfirm.com

    */s/ Simon Mayer*
Simon Mayer