IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DAVID G. WALLACE, JR. | § | CASE NO. 15-31594-H4-7 |
| Debtor. | § | CHAPTER 7 |
| | § | |
| RONALD ELLISOR, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| vs | § | Adversary No. 15-03241 |
| | § | |
| | § | |
| DAVID G. WALLACE, JR. | § | |
| Defendant | § | |
| | § | |

## EMERGENCY MOTION FOR SCHEDULING CONFERENCE

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE THAN TWENTY-ONE (21) DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO RESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPONSE BEFORE THE RESPONSE TIME EXPIRES.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU**

**BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**COMES NOW**, David G. Wallace, Debtor, and files this *Motion For Scheduling Conference*, and respectfully shows the Court as follows:

1. This Adversary Proceeding involves over 50 Plaintiffs.
2. Defendant has requested to depose each of the Plaintiffs, and the Court indicated that it would initially allow the parties to try and schedule the required discovery.  If scheduling could not be complete, the Court indicated that it would be willing to supervise the scheduling.
3. Counsel for Plaintiffs indicated that he would provide availability for each of the Plaintiffs.
4. As of today, after at least 60 days, the Plaintiff has provided dates for less than half of the Plaintiffs, and then only one day per each Plaintiff. See Exhibit A
5. Defendant requests the Court to set a Scheduling Conference, and to order and schedule the depositions of each of the Plaintiffs.
6. An emergency exists primarily due to the inability to complete discovery without a schedule for the depositions, and to get to a trial date for the completion of this litigation.
7. Defendant would request a Scheduling Conference within the next 2 weeks.

**WHEREFORE,** Defendant requests that the court grant the Motion and set a Scheduling Conference, and for such other and further relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

By: */sJohnie Patterson*

Johnie Patterson
SBN #15601700

OF COUNSEL:
Walker & Patterson, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713)956-5577 Phone
(713)956-5570 Fax

## **CERTIFICATE OF SERVICE**

I, Johnie Patterson, hereby certify that a true and correct copy of the foregoing *Motion* was served upon Plaintiff's counsel, Tom Schmidt, by electronic transmission on March 16, 2017.

                                         */s/Johnie Patterson*
                                         Johnie Patterson